UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JACKSON,

    Petitioner,                          Case No. 2:16-CV-13704

v.                                       JUDGE PAUL D. BORMAN
                                           UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

    Respondent,
_____/

**<u>OPINION AND ORDER DENYING THE MOTION (1) FOR RELIEF FROM OPINION AND ORDER DUE TO CLERICAL MISTAKE, OVERSIGHT OR OMISSION PURSUANT TO FED. R. CIV. P. 60(a), (2) TO AMEND OR MAKE ADDITIONAL FINDINGS PURSUANT TO FED. R. CIV. P. 52(b), (3) TO ALTER OR AMEND OPINION AND ORDER PURSUANT TO FED. R. CIV. P. 59(e), (4) FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b), AND (5) DENYING A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

This Court denied petitioner's application for a writ of habeas corpus and denied him a certificate of appealability or leave to appeal *in forma pauperis*. *Jackson v. Palmer*, No. 2:16-CV-13704, 2017 WL 4225446 (E.D. Mich. Sept. 22, 2017).

Petitioner filed a motion, in which he seeks relief from the Court's opinion and order denying habeas relief. For the reasons that follow, the motion is DENIED WITH PREJUDICE. The Court declines to issue a certificate of

1

appealability or leave to appeal *in forma pauperis*.

Petitioner asks this Court for amended or additional findings pursuant to Fed. R. Civ. P. 52(b). Petitioner also asks this Court to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). Petitioner asks this Court to correct a clerical error or mistake pursuant to Fed. R. Civ. P. 60(a). Lastly, petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). In his combined motion, petitioner contends that this Court made factual and legal errors in denying him relief on his Confrontation Clause claim.

A Rule 52(b) motion to alter or amend fact findings or conclusions of law is essentially a motion seeking reconsideration of the court's factual findings and legal conclusions. *See e.g. Shivers v. Grubbs*, 747 F. Supp. 434, 436 (S.D. Ohio 1990). A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 (e) may likewise be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). Finally, although petitioner also seeks relief from judgment pursuant to Fed. R. Civ. P. 60(a) and (b), this portion of the motion should likewise be construed as a motion for reconsideration. *See e.g. United States v. Moss*, 189 F.R.D. 354, 355 (E.D. Mich. 1999).

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for

reconsideration. In order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002). A 'palpable defect' is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.*

Petitioner claimed that his Sixth Amendment right to confrontation was violated when the trial court admitted into evidence a DNA analysis report authored by a non-testifying forensic scientist, Jennifer Jones. Petitioner also argued that his confrontation rights were violated when Ms. Jones's supervisor, Heather Vitta, was permitted to testify about the results of Ms. Jones's report. Petitioner contends that this Court erred in concluding that the Michigan Court of Appeals reasonably rejected petitioner's claim pursuant to the Supreme Court's plurality holding in *Williams v. Illinois,* 567 U.S. 50, 57-58 (2012), because Ms. Vitta's references to Ms. Jones's report did not violate petitioner's right to confrontation because the DNA profiles that were acquired by Jones were the

3

assumptions on which Vitta's own independent opinion were based. *Jackson v. Palmer*, 2017 WL 4225446, p. 6.

Petitioner claims that this Court's factual findings that Ms. Vitta made her own independent analysis of the DNA evidence is not supported by the record.

Petitioner's assertion is incorrect. Heather Vitta testified at petitioner's trial that she was Ms. Jones's supervisor. Ms. Vitta reviewed Ms. Jones's report but also performed her own independent analysis of the DNA evidence. Ms. Vitta testified that she reviewed the actual DNA types obtained from each evidentiary sample and then compared each of these samples against the reference DNA profiles obtained from petitioner, the victim, and the women. Ms. Vitta determined that a DNA profile obtained from a bloodstain recovered from an interior front door trim matched petitioner's DNA and a bloodstain from a left boot also matched petitioner's DNA. Ms. Vitta testified that DNA obtained from one end of the tree branch matched petitioner's DNA and the DNA from the other end matched the victim's DNA. (Tr. 10/23/13, pp. 138-46). Ms. Vitta emphasized that she performed her own independent analysis of the DNA based on Ms. Jones's report. (*Id.,* pp. 150-51). The Michigan Court of Appeals reasonably concluded that Ms. Vitta's references to Ms. Jones's report did not violate petitioner's right to confrontation because the DNA profiles that were acquired by Jones were used by

Ms. Vitta in reaching her own independent opinion. Petitioner failed to show that this Court's factual or legal analysis of his claim was in error.

Moreover, this Court in the alternative rejected petitioner's claim because any error in admitting the DNA results from Ms. Jones's report or Ms. Vitta's references to the report was harmless because three witnesses testified that petitioner participated in the victim's murder and petitioner himself admitted to being present at the crime scene. *Jackson v. Palmer*, 2017 WL 4225446, p. 6.

In light of the foregoing, petitioner is not entitled to reconsideration of the Court's opinion and order.

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 F. App'x. 480, 486 (6th Cir. 2008). This Court denies petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motions for reconsideration to be debatable. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

Accordingly, the Court **DENIES WITH PREJUDICE** the "Motion for Relief from Opinion and Order Due to Clerical Mistake, Oversight or Omission Pursuant to Fed.R.Civ.P. 60(a) and Brief in Support; Motion to Amend and Make

5

Additional Findings Pursuant to Fed.R.Civ.P. 52(b) and Brief in Support; Motion to Alter Opinion and Order in Light of State Trial Court Transcripts Pursuant to Fed.R.Civ.P. 59(a) and Brief in Support; and Motion for Relief from Judgment Denying Habeas Corpus Relief Pursuant to Fed.R.Civ.P. 60(b) and Brief in Support" (Dkt. # 17).

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

    s/Paul D. Borman
    Paul D. Borman
    United States District Judge

Dated: October 31, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 31, 2017.

    s/Deborah Tofil
    Case Manager